1

2

3

4

5

6

7

8

9

10                    **IN THE UNITED STATES DISTRICT COURT**

11                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   LESLIE HOOD III,                              CASE NO. CV-F-04-6507 AWI LJO

14                    Plaintiff,                 **FINDINGS AND RECOMMENDATIONS TO**
                                                   **DISMISS ACTION**
15          vs.

16   FRESNO POLICE DEPARTMENT, et al.,

17                    Defendants.
                                      /
18

19                              **BACKGROUND**

20          Plaintiff Leslie Hood III ("plaintiff") has been incarcerated and proceeds pro se and in forma

21   pauperis in this civil rights action under 42 U.S.C. § 1983 ("section 1983"). Plaintiff proceeds with a

22   form complaint ("complaint") to name as defendants the Fresno Police Department, Fresno Police

23   Officer Rivera and Fresno Police Officer Cooper. The complaint alleges that during a September 11,

24   2004 traffic stop and search, plaintiff was arrested for narcotics violations, and $19,000 and drugs were

25   confiscated. The complaint notes that the $19,000 was not placed in plaintiff's prison trust account at

26   the Fresno County jail. For relief, the complaint asks "the Courts to clear this matter with the Fresno

27   Police Departmen (sic) and place my money on record or return money to me."

28          This Court issued its September 16, 2005 order to dismiss the complaint on grounds it fails to

                                              1

1  satisfy pleading requirements, fails to state a section 1983 or other cognizable claim, is vague, and

2  appears intended to vex defendants.  This Court issued several orders to grant plaintiff extensions to file

3  an amended complaint, the last of which granted plaintiff up to November 15, 2005 to file an amended

4  complaint.  This Court's September 16, 2005 and November 14, 2005 orders admonished plaintiff that

5  "**failure to file an amended complaint in compliance with this order will result in a**

6  **recommendation to dismiss this action for failure to obey a court order.**"  (Original in bold.)

7      Plaintiff failed to file a timely amended complaint.

**DISCUSSION**

**Failure To Comply With Orders**

10      This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

11  these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

12  and all sanctions . . . within the inherent power of the Court."  District courts have inherent power to

13  control their dockets and "in the exercise of that power, they may impose sanctions including, where

14  appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

15  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local

16  rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

17  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply

18  with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

19  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

20  of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

21  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

22  of prosecution and failure to comply with local rules).

23      In determining whether to dismiss an action for failure to comply with a court order or local rules

24  or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

25  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

26  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

27  alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

28  *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

1    In this case, the Court finds that the public's interest in expeditiously resolving this litigation and

2  the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this

3  action with his unexplained failure to file an amended complaint.  The third factor -- risk of prejudice

4  to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the

5  occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th

6  Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

7  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party

8  that his failure to obey the court's order will result in dismissal satisfies the "consideration of

9  alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d

10  at 1424.  No less than two of this Court's orders admonished plaintiff that  "**failure to file an amended**

11  **complaint in compliance with this order will result in a recommendation to dismiss this action for**

12  **failure to obey a court order.**"  (Bold in original.)  Thus, plaintiff received adequate warning that

13  dismissal will result from noncompliance with this Court's orders and failure to prosecute this action.

14  Quite simply, plaintiff has failed to comply with this Court's orders or to meaningfully and intelligently

15  respond to them.

16                      **CONCLUSION AND RECOMMENDATION**

17    Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice  on grounds

18  plaintiff has failed to: (1) file an amended complaint; (2) comply with this Court's orders; and (3)

19  diligently prosecute this action.

20    These findings and recommendations are submitted to the district judge assigned to this action,

21  pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than December 16, 2005,

22  plaintiff may file written objections with the Court and serve a copy on the magistrate judge in

23  compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections

24  to Magistrate Judge's Findings and Recommendations."  The district judge will then review the

25  magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).  Plaintiff is advised that failure to file

26  objections within the specified time may waive the right to appeal the district court's order.  *Martinez*

27  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

28                      **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse**

1  is to object to these findings and recommendations.  Plaintiff is further admonished this Court will

2  strike any papers to attempt to file an amended complaint unless this Court specifically grants

3  plaintiff permission to file an amended complaint.

4          IT IS SO ORDERED.

5  **Dated:    November 17, 2005**                    **/s/ Lawrence J. O'Neill**
   66h44d                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28